IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:92CR106 |
| | ) | |
| v. | ) | |
| | ) | |
| FRANK SKORNIAK, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant/petitioner's motion to correct clerical errors pursuant to Rule 36 of the Federal Criminal Procedure (Filing No. 624), and motion for appointment of counsel and hearing (Filing No. 629). This rather lengthy document seeks essentially three adjustments: first, that the reference in the judgment and committal order identifying Count X used the reference "Title 18 U.S.C. 1956(a)(1)(A)(1)," when the reference should have been "Title 18 U.S.C. § 1956(a)(1)(B)(1)."  This obviously was a mis-reference.  However, it is immaterial so far as the determination of the defendant's guideline sentencing range and sentence is concerned.  Title 18 United States Code, Section 1956(a)(1)(A) and (B) identifies two separate means by which the crime charged in (a)(1) may be committed, and that section provides that the penalty for either of those violations shall be a fine of not more than $500,000 or a term of imprisonment for "not more than twenty years" or both.  The Court finds no need to issue a

corrected judgment and committal order under these circumstances, and for this reason, that request will be denied.

The second issue which defendant raises is his claim that the Court failed to consider his motion for downward departure pursuant to § 5K2.0 of the United States Sentencing Guidelines. This request was not referenced in Filing No. 391 as he alleges, but was referenced in his subsequent list of objections (Filing No. 420). That request for downward departure references his March, 1993, proffer and §§ 5K2.11 and 5K2.16 of the Guidelines. Several hearings were held on defendant's objections, and he was present at those hearings. At no time was any argument presented that the Court should depart downward based upon these or any other reasons. Thus, this objection was not specifically addressed in the Court's rulings. It is clear from the record in this case that defendant is not entitled to a downward departure.

Finally, defendant objects to the reference to a "revised presentence report" which is referenced in the judgment and committal order. That reference is in error. There was no revised presentence report. That matter has been clarified by the Bureau of Prisons through contacts with the United States Probation Office in this District.

None of the objections which defendant raises calls for any entry of a revised or "corrected" judgment and committal order or for a further review of this matter, either by the Court

or by the United States Probation Office for this District.  For all of these reasons, the motion of defendant will be denied.

Defendant's motion for appointment of counsel and hearing will also be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 13th day of January, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court